# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS GORDON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-829-LPS |
| COMM. CARL DANBERG, et al., | : |
| Defendants. | : |

Thomas Gordon, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 30, 2011
Wilmington, Delaware

[signature] 
**Stark, District Judge:**

## I. INTRODUCTION

Plaintiff Thomas Gordon ("Gordon"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.[2]

## II. BACKGROUND

The Complaint contains two specific claims. First, Gordon alleges that in August 2008, the Quick Response Team ("QRT") and Defendant Sgt. Beckles ("Beckles") used excessive force in retaliation after Gordon protested the confiscation of his food. (D.I. 2 ¶ 4) Defendant Guy Fowler ("Fowler") ordered the use of the QRT. Gordon alleges that Defendants Warden Phelps ("Phelps"), Lester Boney (Boney"), and Ed McGee ("McGee") did not take any disciplinary action or investigate the matter.

Next, Gordon alleges that on January 2, 2009, Defendants Major Scarborough ("Scarborough") and Captain Fowler ("Fowler") used excessive force when they ordered the QRT and Correction Emergency Response Team "gunman" to shoot him with mace pellets after he climbed a fence to protest living conditions. Gordon refused to come down after having

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Gordon filed his complaint with two other inmates. (Civ. No. 10-786-LPS) Because the three inmate's claims were unrelated, the Court ordered the Clerk of Court to open separate cases for each inmate with the filed Complaint. (*Id.* D.I. 1) Most of the allegations in the Complaint are inapplicable to Gordon and will be stricken by the Court.

1

spoken to Defendant S/Lt. Hawkins ("Hawkins") and Scarborough. (*Id.* at ¶ 7) Defendant Lt. Orlando DeJesus ("DeJesus") shot over one hundred mace pellets at Gordon that resulted in bruising, cuts, and lacerations to the back and shoulder area. Gordon seeks compensatory and punitive damages.

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28; *see also Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States,* 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took

2

inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *See id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer

3

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Statute of Limitations

Gordon's August 2008 claim, found in paragraph four of the Complaint, is time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *see also Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Johnson*, 925 F. Supp. at 248. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Husain v. Abdallah*, 570 F. Supp. 2d 582, 587 (D. Del. 2008).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published).

The computation of time for complaints filed by *pro se* inmates is determined according

to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the Court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *see also Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002) (applying mailbox rule to *pro se* § 1983 complaint).

Here, the Complaint was signed on September 12, 2010. The Court, therefore, concludes that Gordon's Complaint was filed on September 12, 2010, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing. Accordingly, the claims raised in paragraph four are time-barred.

For the above reasons, the Court will dismiss paragraph four of the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). Defendants Beckles, Phelps, Boney, and McGee will be dismissed from this action.

### B. Constitutional Violation

Gordon has failed to allege that Hawkins violated his constitutional rights. Paragraph seven of the Complaint merely alleges that he asked to speak to Hawkins on January 2, 2009, and that he spoke to her. These allegations do not rise to the level of a constitutional violation. Therefore, the Court will dismiss the claims against Hawkins contained in paragraph seven of the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1) and she will be will be dismissed from this action.

## V. CONCLUSION

For the above reasons, the Court will dismiss paragraph four of the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will also dismiss the claims against Hawkins found in paragraph seven of the Complaint. Defendants Beckles, Phelps, Boney, McGee, and Hawkins will be dismissed as defendants. Pursuant to Fed. R. Civ. P. 12(f)(1), the Court will strike paragraphs one through three, five, six, and eight through seventeen of the Complaint as immaterial, as the allegations set forth therein do not relate to Gordon. Gordon will be allowed to proceed with the claims contained in paragraph seven against Defendants Scarborough, Fowler, and DeJesus. An appropriate Order follows.